UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSHUA BLENDER,

*Plaintiff,*

-against-

EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., AND PENN CREDIT CORPORATION,

*Defendants.*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

By and through the undersigned counsel, Plaintiff Joshua Blender ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

## Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff Joshua Blender brings this action against (a) Penn Credit Corporation ("Penn Credit" or the "Furnisher Defendant"), and (b) Equifax Information Services LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian), (Equifax and Experian are the "CRA Defendants") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

## Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial portion of the harm Defendants caused Plaintiff due to their FCRA violations was suffered by Plaintiff in this Judicial District.

**The Parties**

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Glen Ridge, New Jersey.

6. Defendant Penn Credit is a foreign entity that conducts business in the State of New Jersey and is a "furnisher of information" within the meaning of the FCRA.

7. Defendant Equifax is a foreign entity that conducts business in the State of New Jersey and is a "consumer reporting agency" within the meaning of the FCRA.

8. Defendant Experian is a foreign entity that conducts business in the State of New Jersey and is a "consumer reporting agency" within the meaning of the FCRA.

**Plaintiff's Claims Against Defendants Pursuant to
the Fair Credit Reporting Act**

9. Plaintiff noticed an inaccurate account was appearing on his credit reports from Equifax and Experian. This account was a collections account belonging to Penn Credit (herein "Penn Credit Account").

10. Plaintiff disputed the Penn Credit Account separately to Equifax and Experian.

11. Equifax and Experian informed Plaintiff of the result of their dispute process: the Penn Credit account was verified. Equifax and Experian continued to report the Penn Credit Account.

12. Equifax and Experian included the Penn Credit Account one or more of consumer reports published to third parties. These publications defamed Plaintiff, thereby (a) giving creditors and/or potential creditors the false impression that Plaintiff was a poor credit risk, (b) impugning Plaintiff's reputation and character, and (c) causing Plaintiff to suffer substantial emotional distress. As such, Plaintiff has suffered concrete and particularized

injuries pursuant to the Fair Credit Reporting Act such that Plaintiff has Article III standing to bring claims under the FCRA.

*Plaintiff's Claims Against Penn Credit*

13. Because of its unlawful reporting and verifications of the Penn Credit Account, Furnisher Defendant Penn Credit is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct reasonable investigations of Plaintiff's disputes of the Penn Credit Account to Equifax and Experian after, upon information and belief, Penn Credit received notice of Plaintiff's disputes from Equifax and Experian;

    b. failing to review all relevant information provided to Penn Credit by Equifax and Experian concerning Plaintiff's disputes of the Penn Credit Account;

    c. failing to promptly modify, delete, or permanently block any and all information about the disputed the Penn Credit Account that Penn Credit, had it conducted a reasonable investigation of Plaintiff's disputes, could not have affirmatively verified as accurate; and

    d. falsely representing to Equifax and Experian that Plaintiff was responsible for the Penn Credit Account.

*Plaintiff's claims against Equifax and Experian*

14. Because of their inaccurate reporting and unlawful publication of the Penn Credit Account, CRA Defendants Equifax and Experian are liable to Plaintiff for violations of the FCRA.

    *Violations of FCRA § 1681e(b)*

15. Equifax and Experian each violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because Equifax and

Experian did not follow reasonable procedures to assure maximum possible accuracy of information they reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the Penn Credit Account.

*Violations of FCRA § 1681i*

16. Equifax and Experian each violated FCRA § 1681i(a)(1) by failing to conduct reasonable reinvestigations of Plaintiff's disputes of the accuracy of Penn Credit Account to determine whether the Penn Credit Account was accurately reporting.

17. Equifax and Experian each violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes of the Penn Credit Account.

18. Equifax and Experian each violated FCRA § 1681i(a)(5) by failing to promptly delete the Penn Credit Account from their respective consumer files for Plaintiff despite the fact that Equifax and Experian, had they conducted reasonable reinvestigations of Plaintiff's disputes, could not have affirmatively verified that the disputed information was accurate.

## Statement of Facts

*Equifax and Experian Disputes*

19. In or around October 2022, Plaintiff disputed the Penn Credit Account separately to Equifax and Experian ("Penn Credit Disputes").

20. Upon information and belief, Equifax and Experian each notified Penn Credit about the Penn Credit Disputes.

21. After Plaintiff's disputes and upon information and belief, Penn Credit verified to both Equifax and Experian that the Penn Credit Account was reporting accurately even though

Penn Credit could not, had it performed a reasonable investigation, have verified that the disputed information was accurately attributable to Plaintiff.

22. Equifax and Experian – in turn – continued to report the disputed Penn Credit Account even though, had the CRA Defendants performed reasonable reinvestigations of Plaintiff's disputes, neither CRA Defendant could have verified the accuracy of the disputed information. Equifax and Experian informed Plaintiff of their conclusions in dispute results during the first week of November 2022.

23. Equifax and Experian each published one or more consumer reports that included the Penn Credit Account after Plaintiff disputed the Penn Credit Account to Equifax and Experian. Equifax's and Experian's inaccurate publication defamed Plaintiff by creating a false impression that Plaintiff was a poor credit risk and impugning Plaintiff's reputation.

*Damages*

24. At all times pertinent hereto, the conduct of each Defendant and their agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

25. In the alternative, the conduct of each Defendant and their agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

26. Each Defendant, as a direct and proximate result of that Defendant's respective unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties.

27. Each Defendant's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through a variety of symptoms, including but not limited to frustration and apprehension about applying for credit.

b. Plaintiff was defamed by each Defendant, all of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness and impugned Plaintiff's reputation. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

28. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

29. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[1]

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FCRA BY PENN CREDIT
## (FURNISHER DEFENDANT)

30. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

31. Based on the facts alleged in this Complaint, Penn Credit violated FCRA § 1681s-2(b) by its acts and omissions.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FCRA BY EQUIFAX AND EXPERIAN
## (CONSUMER REPORTING AGENIES)

---

[1] Even if a jury finds that Defendants' unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. Based on the facts alleged in this Complaint, Equifax and Experian, by their respective actions and omissions, each independently violated various provisions of the FCRA including but not necessarily limited to the following violations:

    a. Equifax and Experian each violated 15 U.S.C. § 1681e(b).

    b. Equifax and Experian each violated 15 U.S.C. § 1681i(a)(1).

    c. Equifax and Experian each violated 15 U.S.C. § 1681i(a)(4).

    d. Equifax and Experian each violated 15 U.S.C. § 1681i(a)(5).

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2. Ordering Defendants Equifax and Experian to:

    a. immediately and permanently (i) delete all inaccurate information from Plaintiff's consumer reports and files, and (ii) cease reporting the inaccurate information to any and all persons and entities to whom Equifax and Experian reported consumer information; and

    b. send updated and corrected consumer report information to all persons and entities to whom Equifax and Experian reported inaccurate information about Plaintiff within the last three years.

3. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

*/s/ James R. Ticchio*
James R. Ticchio
**Sherman & Ticchio PLLC**
James@st-legal.com
120 N. Main Street Suite 302(b)
New City, NY 10956
212.324.3874
